750

JUANA GARCÍA DE CINTRÓN, substituted by LUIS TORO PÉREZ, Plaintiff and Appellant, *v.* JOSÉ F. VÁZQUEZ, administrator of the estate of EMILIANO CINTRÓN BERRÍOS, Defendant and Appellee.

No. 4552.   Argued February 19, 1929.—Decided June 28, 1929.

*Luis Toro Cabañas* for the appellant.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Luis Toro Pérez obtained a money judgment against a judicial administrator, and a writ of execution was issued. Later plaintiff moved for an alias writ to run against the bond of the administrator. This motion was denied upon the ground that the bond was in favor of the heirs, not of the creditors.

The motion states that the administrator had failed to comply with a demand for the deposit of an amount sufficient to satisfy the judgment and on information and belief that the first writ of execution was not returned by the marshal because no property belonging to the estate was found in the hands of the administrator. It also sets forth that the administration has been pending since 1921; that the debts could have been paid out of the assets, but the property was sold and the proceeds were disposed of in other ways; and that for more than six years the administrator has not filed a report.

No notice of the motion was given the sureties on the bond, and the notice of appeal was not served upon them. The brief for appellant does nòt contain any explanation as to how a levy could be made upon the bond in question under

an alias writ, and does not cite any authority for the forfeiture of such a bond without notice to the sureties.

In support of the contention that the court below erred in denying the motion for the reason assigned by the district judge, appellant quotes from 24 C. J. 1058, sec. 2533; Idem 1082, sec. 2590; Id. 1083, sec. 2593; Id. 1078, sec. 2587.; Id. 1076, sec. 2579; Id. 1086, sec. 2603(b); Id. 1067, sec. 2562(c); and Id. 1067, note 48(a). None of the cases cited in support of the text is analyzed or discussed. Those which we have had opportunity to examine seem to have turned upon statutes requiring that the bond be executed in favor of the estate for the benefit of creditors as well as the heirs, or in favor of a probate judge with an independent provision that the bond when so executed shall inure to the benefit of all persons concerned in the administration of the estate. It may be that even in the absence of such a statute a creditor may sue upon a bond executed in favor of the heirs only. That is a question which may be determined whenever such an action shall have been brought and after an opportunity to be heard shall have been extended to the sureties. It may be also that a judicial administrator can be held personally liable without regard to his bond, and that a surety, by his conduct, may become likewise personally responsible independently of his contract obligation. But that is not the theory of the present proceeding and need not be decided here.

We are not aware of any provision in our Code of Civil Procedure which authorizes a summary proceeding of the sort attempted here, nor of any precedent therefor in good practice.

The order appealed from will be affirmed.